92 F.3d 1193
 RICO Bus.Disp.Guide 9118
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Linda J. PIERCE, Plaintiff-Appellant,
v.
CITIBANK (SOUTH DAKOTA), N.A., A Foreign Corporation,
Citicorp Credit Services, Inc., A Foreign
Corporation, Defendants-Appellees.
 No. 94-35736.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 15, 1995.
Decided July 25, 1996.
 
 1
 Before: BROWNING, RYMER, and T.G. NELSON, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Linda Pierce filed suit alleging defendants Citibank and Citicorp, violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968, and the Equal Credit Opportunity Act ("EOCA"), 15 U.S.C. § 1691 et seq., by suspending her credit card account because her husband's separate account was past due. The district court granted summary judgment for the defendants, and we affirm.
 
 I. RICO CLAIM
 
 4
 Plaintiff alleged that by withholding her line of credit to coerce her to pay her husband's outstanding balance, defendants engaged in a pattern of racketeering activity prohibited by the Hobbs Act, 18 U.S.C. § 1951, in violation of the RICO, specifically, 18 U.S.C. § 1962(c).
 
 
 5
 To have standing to sue under RICO, plaintiff must show that she suffered an injury to business or property because of the alleged violation of § 1962. 18 U.S.C. § 1964(c); Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985). Only actual injury to business or property will confer standing; intangible or potential injury does not suffice. See, e.g., Oscar v. University Students Co-op Association, 965 F.2d 783, 785 (9th Cir.1992) (en banc); Berg v. First State Ins. Co., 915 F.2d 460, 463-64 (9th Cir.1990).
 
 
 6
 Plaintiff suffered no actual injury to a property interest. She had no out-of-pocket loss. Her inability to use her credit card may have affected her credit rating in theory, but since she did not apply for credit there is no evidence it was affected in fact. Plaintiff argues she suffered injury because "there were things on sale I would have bought, but my total credit limit was too low for me to justify the purchase. I wanted some credit for emergencies and I was feeling the pressure of reduction in my total credit availability, and it was stressful." Plaintiff's stress from loss of credit for use during emergencies is analogous to the Berg plaintiffs' loss of peace of mind after their insurance was cancelled; neither is a tangible property interest. Plaintiff also notes that the definition of "credit" under the ECOA includes a right to "purchase property" and that a "credit card" is defined as device that can be used to obtain property. 12 C.F.R. § 202.2(k) and (j). These definitions do not compel the conclusion that credit from a credit card company is in itself a tangible property right.
 
 
 7
 Plaintiff argues that because Hobbs Act extortion is the alleged predicate act, the Hobbs Act definition of "property," 18 U.S.C. § 1951(b)(1), which encompasses intangible property rights, U.S. v. Zemek, 634 F.2d 1159, 1174 (9th Cir.1980), should apply. As explained in Northeast Women's Center v. McMonagle, 868 F.2d 1342, 1348-49 (3d Cir.1989), however, the injury requirement of RICO and the property which can be subject to extortion under the Hobbs Act are "analytically distinct." Because plaintiff did not suffer actual injury, she has no standing to sue under RICO.
 
 
 8
 Pierce also argues that the district court abused its discretion in denying her Fed.R.Civ.P. 56(f) motion to conduct additional discovery to establish that Citibank's actions were part of a "pattern" of racketeering activity. We disagree. Because no triable issue of fact exists as to whether Pierce suffered a cognizable injury under RICO, discovery of a "pattern" of a racketeering activity would not have mattered.
 
 II. ECOA CLAIMS
 
 9
 Plaintiff claims that defendants discriminated against her on the basis of marital status and failed to send her notice of an adverse action against her in violation of the ECOA, 15 U.S.C. § 1691(a)(1) and § 1691(d)(1) and (6). Creditors who violate ECOA are liable to the aggrieved applicant; § 1691e(a); suit must be brought no later than "two years from the date of the occurrence of the violation," subject to two exceptions not relevant here. § 1961e(f).
 
 
 10
 Plaintiff's ECOA claims are barred by the two year statute of limitations. Plaintiff's account was suspended in January of 1991; she did not file suit until March 19, 1993. Plaintiff argues the period of limitations should run from the date she discovered that defendants suspended her credit because of her marital status. Whether the period runs from either initial suspension or the date of discovery, the claim is barred--plaintiff discovered that her account was suspended in January, 1991, when Micheal showed her Citibank's letter.
 
 
 11
 Alternately, plaintiff argues that a "continuing violation" of ECOA would toll the statute of limitations. Even if the continuing violation doctrine applies to claims under ECOA, there was no continuing violation here. "To establish a continuing violation a plaintiff has to show a series of related acts, one or more of which falls within the limitations period, or the maintenance of a discriminatory system both before and during the limitations period." Green v. Los Angeles City Superintendent of Schools, 883 F.2d 1472, 1480 (9th Cir.1989) (internal quotations omitted); Havens Realty corp. v. Coleman, 455 U.S. 363, 381 (1982). Defendants took a single allegedly discriminatory action--closing plaintiff's account in January, 1991.[1] The single cancellation of plaintiff's credit was not a continuing violation of ECOA--just as a single refusal to hire does not give rise to a continuing violation of Title VII merely because the applicant continues thereafter to be without the job. See Williams v. Owens-Illinois, Inc., 665 F.2d 918, 924 (9th Cir.1982).
 
 
 12
 Plaintiff points out that she was told in May that she couldn't use her credit, she was not issued a new credit card in May when her old card expired, and that her credit remained at zero after February even though she continued to make the monthly payments due on her debt. She argues that each of these facts evidences an ongoing policy of discrimination on the basis of marital status.[2] However, each fact was simply a consequence of the initial suspension of her credit. Failure to issue a new card after terminating plaintiff's account cannot be construed as a separate violation. The same is true of eliminating her credit balance and reflecting that fact by noting in each subsequent monthly statement that her credit balance was zero. Each incident stemmed from the single act of closing plaintiff's account in January 1991, and suit is barred by the statute of limitations.
 
 III. CONCLUSION
 
 13
 Plaintiff does not have standing to sue under RICO because she has not suffered actual injury to a property interest. Her ECOA claims fail because they are barred. Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Defendants did fail to send plaintiff notice of the adverse action as required by 15 U.S.C. § 1691(d). However, if this single omission constituted a continuing violation the limitations period would never run on a failure to give notice
 
 
 [2]
 Plaintiff also argues that defendants' failure to preserve records of her account for at least 25 months after they took adverse action against her, as required by 12 C.F.R. 202.12, was a continuing violation. Plaintiff offered no evidence that Citibank's failure to keep records was linked in any way to its allegedly discriminatory policy